## Franklin Township v. Franklin Plaza, Inc.

*B. Patrick Costello,* for plaintiff.

*Norman M. Vartko,* for defendants.

RIAL, J., September 14, 1971.— This matter arises before the court en banc as a result of a motion for summary judgment filed on behalf of the Township of Franklin. On or about August 15, 1968, the Township of Franklin filed a municipal claim against defendants as a result of certain sewage charges allegedly due and owing by defendants. On or about September 20, 1968, plaintiff filed a praecipe for writ of scire facias requesting that the municipal claim be revived and continued in the amount of $2,300 with interest from June 30, 1968, and attorney's commission as provided by the

appropriate statute. Defendants filed an affidavit of defense, alleging therein that the rate was grossly in excess of the authorization created under the Act of July 18, 1935, P. L. 1286, sec. 2, as amended, 53 PS §2232. Thereafter, plaintiff filed an answer to the affidavit of defense, alleging the actual average monthly income of various domestic rental units, and further alleging certain repairs which were necessary to the sewage plant. The answer also set forth the facts of the transfer between the township and the developer of the sewage plant.

Sometime thereafter, depositions were taken of representatives of various parties to the action. The municipal lien and claim arises as a result of a monthly sewage charge assessed per equivalent domestic unit on the premises.

It appears from the pleadings that the Township of Franklin passed an ordinance regarding imposition of monthly rental sewage charge. It is also established that the rate was $5 per month for each domestic unit. The record also appears to indicate that the monthly allotment did not really provide for replacement of the plant and also failed to provide any funds for emergencies or sinking funds as permitted by the statute. Defendants admit and apparently do not argue that plaintiff township acted arbitrarily, capriciously or fraudulently, but instead argue that in the instant case the township did not have any discretion under the statute. However, this court has carefully reviewed the legislative Act of May 1, 1933, P. L. 103, sec. 1535, as amended, 53 PS §66535, as follows:

"All persons whose property connects with the sewage collection or disposal system, acquired or constructed by the township, shall pay to the township treasurer a monthly, quarterly, semiannual or annual charge prescribed by a resolution of the supervisors.

The amount of the charges shall not be in excess of the estimated amount necessary to maintain and operate the system and to establish a reserve fund sufficient for its future replacement."

This means that the township is told what it can charge. Furthermore, the meaning of the words "reserve fund" is explained more fully in paragraph (e) subsection (5) which reads:

"All moneys received from the sewer charges shall be deposited as a special reserve fund and shall be used only for the payment of the cost of operating and maintaining the sewage collection or disposal system and the replacement thereof if necessary and economically desirable."

It appears that the supervisors must retain discretion to some extent in determining the necessary funds for future replacement, maintaining and operating the system and an emergency fund. In the present case nowhere does it appear that the Township of Franklin acted arbitrarily or capriciously in violation of the statute as cited by defendant. This court cannot substitute its discretion for that of the supervisors nor make a determination from the record as to the funds required under the circumstances. Absent a clear abuse of discretion, which has not been shown, the court will not review the action of the board of supervisors. Therefore, the motion for summary judgment presented by the Township of Franklin is hereby granted and the following order entered:

## ORDER

And now, to wit, September 14, 1971, it is hereby ordered, adjudged and decreed that the motion for summary judgment in favor of the Township of Franklin be granted and judgment is entered upon the scire facias in favor of plaintiff and against defendant as of the date of the filing of the writ in the amount claimed.